# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51179
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

LAWRENCE MADRID,

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1380-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

A jury found Lawrence Madrid guilty of one count of conspiring to encourage and induce the illegal entry of aliens for financial gain, one count of bringing of aliens without authorization for financial gain and aiding and abetting, and two counts of bribery of a public official.  The district court sentenced him within the advisory guidelines range to concurrent terms of 90 months in prison on each count, to be followed by concurrent three-year terms

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51179

of supervised release on each count. Madrid argues on appeal that counsel rendered ineffective assistance at trial and sentencing. Madrid specifically argues that counsel failed to object to the introduction of unidentified evidence and to Madrid's confession, that his examination of Government witnesses was inadequate, and that he failed to file proper trial motions and objections to jury charges and instructions. In addition, Madrid asserts that counsel's sentencing memorandum and objections to the presentence report were insufficient and did not cite relevant cases and that counsel should have argued that his criminal history was overstated.

This court generally does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Madrid did not raise these ineffective assistance claims in the district court at any time. Because the record is not sufficiently developed to allow for a fair consideration of these claims, we decline to consider them on direct appeal without prejudice to Madrid's right to raise them on collateral review. *See Isgar*, 739 F.3d at 841.

Madrid's appointed counsel on appeal, Patrick A. Lara, has moved for leave to withdraw. Madrid has moved for the appointment of substitute counsel. The motion for the appointment of new counsel is DENIED. Lara's motion to withdraw is premature and will be HELD IN ABEYANCE. Lara should, within 20 days of this decision, submit documentation to this court

No. 16-51179

showing that he has fulfilled his obligations to Madrid as set forth in Section 6 of the Fifth Circuit Plan under the Criminal Justice Act.

The judgment of the district court is AFFIRMED.